IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 7:15-cv-00042-O |
| v. ) | |
| ) | |
| 0.17 ACRES OF LAND, MORE OR ) | |
| LESS, SITUATE IN YOUNG COUNTY, ) | |
| TEXAS, BOBBY COX, et al., ) | |
| ) | |
| Defendants. ) | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATION**

Before the Court is Plaintiff's motion to determine title. (ECF No. 53). This matter was referred to the undersigned for hearing, if necessary, and determination or recommendation to the District Court. (ECF No. 55). The United States, acting as *amicus curiae,* has recommended that the Court find the title owners of the property, as of the date of taking, were the heirs of Raymond Cox ("Coxes"). Testimony was presented by the United States and by Bobby Cox at a hearing on June 21, 2016. Having heard and considered the motion, the Court makes the following findings of fact:

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

2. This is an eminent domain action brought pursuant to 40 U.S.C. §§ 3113 and 3114 to acquire 0.17 acres of unoccupied and unimproved land in Graham, Texas.

1

3. As evidenced by the Stewart Commitment for Title Insurance ("Commitment"), Exhibit 1 to the Memorandum in Support of the Motion to Determine Title (ECF No. 54-1), the property is owned by the heirs of Raymond Cox.

4. Raymond Cox died intestate in 2004 with no wife or children. However, he had six siblings, as follows:

    a. Bobby Cox

    b. Dorothy Lee Dyer (deceased), heirs are her children, Douglass Dyer (deceased), Connie Dyer Matthews , Emery Lee Dyer, Jerry Paul Dyer, and Johnny Mac Dyer

    c. Cletis Lorine Rife (deceased), heir was Joyce Clarice Schkade (deceased), whose heir is Jackie Perkins.

    d. Walter T. Cox (deceased), heir is Doris Cox

    e. Bill Cox

    f. John Hilton Cox (deceased), heir is Judy Cox.

5. The United States Army Corps of Engineers ("Corps") was able find most but not all of the siblings or their families.

6. The family has had no contact with Bill Cox for over thirty-five (35) years.\

7. The Corps negotiated with the family members it was able to locate and came to an agreement to purchase the property for a total of $7,750.

8. Although the family members signed Offers to Sell, it was necessary to file this action because not all the family members could be found.

9. The United States filed this action to acquire the subject property, thereby clearing title and allowing payment to the family members who were located.

10. The United States deposited $7,750 as estimated just compensation.

11. The United States served all the landowners it had located.

12. The United States, pursuant to Rule 71.1(d)(3)(B) of the Federal Rules of Civil Procedure ("FRCP"), served by publication any remaining potential known or unknown owners.

13. Service of process is complete.

Based upon the foregoing findings of fact, the Court concludes:

1. The owner of the taken property, on the date of taking, were the Coxes.

2. Title to the subject property transferred to the United States upon the filing of the Declaration of Taking and the deposit of estimated just compensation, as provided by 40 U.S.C. § 3114(b).

3. The full just compensation payable by Plaintiff, United States of America, for the taking of the property identified in the Complaint and Declaration of Taking (ECF Nos. 1 and 3) filed herein shall be the sum of $7,750 inclusive of interest.

4. Each sibling of Raymond Cox, or their heirs, is entitled to one-sixth of the proceeds from the condemnation of the subject property, *i.e.* $1,291.67.

5. Bobby Cox is entitled to $1,291.67.

6. The five children of Dorothy Lee Dyer, *i.e.* Douglass Dyer (deceased), Connie Dyer Matthews, Emery Lee Dyer, Jerry Paul Dyer, and Johnny Mac Dyer (or their heirs) are each entitled to 1/5 of $1,291.67, *i.e.* $258.33.

7. Jackie Perkins, being the heir of Joyce Schkade, who was the heir of Cletis Lorine Rife, is entitled to $1,291.67.

8. Doris Cox, being the heir of Walter T. Cox, is entitled to $1,291.67

9. Bill Cox is entitled to $1,291.65.

10. Judy Cox, being the heir of John H. Cox is entitled to $1,291.67.

Recommendation

Based upon the foregoing findings of fact and conclusions of law, I recommend to the District Court that a Final Judgment be entered against Plaintiff in the sum of $7,750.00 (said sum being full and just compensation) in full satisfaction of any and all claims of whatsoever nature against the United States by reason of the institution and prosecution of this action and the taking of the said lands and all appurtenances thereunto. I further recommend that Final Judgment be entered allocating said sum of $7,750.00 as stated in the conclusions, *supra*. By said judgment the Court should order the Clerk of the Court to draw checks and make the following distributions to those entitled owners whose addresses are known:

1. Bobby C. Cox – $1,291.67, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Bobby C. Cox, 311 Broadway, Newcastle, TX 76372.

2. Connie Matthews - $258.33, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Connie Matthews, 4437 Finis Rd., Graham, TX 76450.

3. Emery Lee Dyer –$258.33, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Emery Lee Dyer, 7701 CR 1014, Joshua, TX 76058-4371.

4. Doris Cox - $1,291.67, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Doris Cox, 720 Pecan Street, Graham, TX 76450.

5. Judy Cox – $1,291.67, together with any apportioned interest accrued thereon while in the Registry of the Court, by check made payable to Judy Cox, 711 Pecan Street, Graham, TX 76450.

By said judgment the Court should order the Clerk of the Court to retain the remaining deposited funds for five years following entry of judgment and provide that the remaining heirs of Raymond Cox may submit claims to the Court, and upon full proof of the right thereto, obtain an order directing payment of the funds the Court has found them entitled to. Further, pursuant to 28 U.S.C. § 2042, said judgment should direct the Clerk to thereafter deposit those funds into the Treasury in the name and to the credit of the United States and provide that thereafter any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment.

It is **SO ORDERED** on this 23rd day of June, 2016.

_____
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

### Standard Instruction to Litigants

A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).